USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-22-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
170 SPRING STREET LLC,

                      Plaintiff,                  12 Civ. 922(PKC)

                    -against-

                                              MEMORANDUM
                                              AND ORDER

ARNOLD S. APOSTOL and N. JOHN LUCAS,

                      Defendants.
-----------------------------------------------------------------x

CASTEL, District Judge:

        On July 8, 2011, plaintiff 170 Spring Street LLC (the "Landlord") commenced an action in state court against defendants Arnold S. Apostol and N. John Lucas (the "Tenants") alleging that they have improperly held over beyond the expiration of the lease—a point which the Tenants vigorously contest. <u>170 Spring LLC v. Arnold S. Apostol and N. John Lucas</u>, Civil Court of the City of New York, County of New York (Housing Part), Index No. L&T 074361/2011. Seven months later, the Tenants, proceeding <u>pro se</u>, removed the action to this Court asserting that they have been deprived of rights protected by the United States Constitution and federal law by the Landlord and/or the state court.

        For a state court action to be properly removed to federal court on the basis of a federal question, the federal question must arise from the face of the plaintiff's pleading— in this case the Landlord's petition in the state court holdover action—and not the defendants' defenses to that action. As the United States Supreme Court has put it: "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." <u>Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 10-11 (1983)(emphasis in the original).

"[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Id. (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936). A defense arising under federal law does not provide a valid basis for removal. Id. The Landlord's holdover petition, viewed through the lens of the well-pleaded complaint rule, raises no federal question. (Exhibit D to the Tenants' Removal Petition.)

State courts are also bound by the United States Constitution and, to the extent applicable, federal law. An error, even one of constitutional magnitude, may be raised on appeal through the state court system with a right to petition the United States Supreme Court from a final determination on appeal by the state court. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 478 (1998).

The Clerk is directed to remand the case to the state court from which it was removed and administratively close the docket in the action in this Court.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 22, 2012